UNITED STATES OF AMERICA
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.

DALTON WILKE,
        Defendant.

DECISION AND ORDER

09-CR-6099

On Thursday, April 8, 2010, the Court, in connection with the above-captioned case, received from the Government what is captioned "In Camera Motion in Limine Concerning Disclosure of Impeachment Material." The Government's application was brought pursuant to Federal Rule of Criminal Procedure 16(d)(1) and supported by an *in camera* affidavit from Joseph J. Karaszewski, Chief of the Appellate Division and Disclosure Officer of the United States Attorney's Office for the Western District of New York. Federal Rule of Criminal Procedure 16(d)(1) reads:

> d) Regulating Discovery.
>
> (1) Protective and Modifying Orders. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

In his affidavit, Mr. Karaszewski requests that "this Court should make an *in camera* determination that the information identified herein need not be disclosed to the defense in this case for use at trial pursuant to *Brady* and *Giglio*."

This Court is, of course, mindful that:

> In enacting [Federal Rule of Evidence] 608(b), Congress deleted the limitation in the rule as submitted by the Supreme Court that the prior misconduct not be "remote in time," and instead left the matter of timeliness to "the discretion of the court." H.R.Rep. No. 650, 93d Cong., 1st Sess. 10 (1973).

*United States v. Schwab*, 886 F.2d 509, 513 n. 3 (2d Cir. 1989). In that regard, the District Court for the Eastern District of New York observed:

> As in the case of Rule 609(b), the factors to be considered in deciding whether to allow inquiry about past conduct under Rule 608(b) include the probativeness of the conduct on the issue of truthfulness, the nature and remoteness of that conduct, the importance of credibility as an issue in the case, the importance of the witness's testimony, the probable effect on the jury if the conduct is disclosed, including the potential for undue prejudice, the tendency of the evidence to confuse the jury or unduly prolong the trial, and the extent to which the witness's credibility is otherwise effectively impeached. *See e.g., United States v. Weichert*, 783 F.2d 23, 25-26 (2d Cir.), *cert. denied*, 479 U.S. 831 (1986); *United States v. Bari*, 750 F.2d 1169, 1178-79 (2d Cir.1984), *cert. denied*, 472 U.S. 1019 (1985).

*Sango v. City of New York*, No. 83CV5177, 1989 WL 86995, at *19 (E.D.N.Y. Jul. 25,1989)

Based upon the fact that the "information identified herein" is twenty-four years old; based upon the context in which the information arose; based upon the nature of the witness' testimony in relation to the rest of the case; and based upon the Court's analysis of Federal Rule of Evidence 608(b) and Federal Rule of Evidence 609(b), it is hereby

ORDERED, that the Government's motion *in limine* is granted and the information at issue need not be disclosed; and it is further

ORDERED, that pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Government's application and supporting affidavit be filed under seal for possible appellate review in the event of a conviction.

IT IS SO ORDERED.

Dated: April 15, 2010
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge